UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Tatyana Bezpalko,                                   Case No. 20-44254

      Debtor.                                  Hon. Phillip J. Shefferly
_____/

### ORDER SUSTAINING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO EXEMPTION

On March 20, 2020, the Debtor filed this Chapter 7 case and claimed exemptions on schedule C. On May 18, 2020, the Chapter 7 Trustee filed amended objections ("Objections") (ECF No. 16) to three of the exemptions claimed by the Debtor. On May 27, 2020, the Debtor filed a response. On July 10, 2020, the Court held a hearing. The Court ruled on two of the Objections at the hearing but took the third Objection under advisement. The Court now enters this order to rule on the third Objection.

The Trustee's third Objection was to the Debtor's claim of a $14,000.00 exemption in "Pre-paid Funeral, Cremation, Cemetery Lot and Burial Expenses." The Debtor's schedule C claimed this exemption under Michigan Compiled Laws Annotated § 600.5451(1)(a)(iv), which permits a debtor in Michigan to exempt

"cemeteries, tombs, and rights of burial in use as repositories for the dead of the debtor's family or kept for burial for the debtor."

At the hearing, the Court inquired of the Debtor what makes up the $14,000.00 and whether there are any documents or other evidence that show exactly what property that the Debtor owns and believes to be exempt. The Debtor read into the record portions of some documents that describe what the Debtor owns and claims as exempt. The Trustee requested a copy of the documents and the Court ordered the Debtor to file the documents with the Court. The Court then took the issue under advisement.

On July 13, 2020, the Debtor filed a declaration (ECF No. 26) with two attached exhibits. The first is a Statement of Goods and Services ("Statement") signed on March 5, 2020 by the Debtor and by Potere-Modetz Funeral Home. The second is a Mt. Elliott Cemetery Association Purchase Agreement ("Purchase Agreement") signed by the Debtor, her husband Nicholas Bezpalko, and Mt. Elliott Cemetery Association on March 5, 2020.

Federal Rule of Bankruptcy Procedure 4003(c) provides that a party objecting to an exemption has the burden of proving that the exemption is not properly claimed. The Trustee argues that he meets this burden because the Debtor does not own any property of the type covered by the plain language of the exemption statute. The Debtor argues that the items described in the Statement and the Purchase

- 2 -

20-44254-pjs    Doc 29    Filed 08/05/20    Entered 08/05/20 17:02:18    Page 2 of 8

Agreement are property of the type covered by the plain language of the statute, but even if they are not specifically identified in the statute, the statute is intended to cover any expenses related to burial or cremation.

The Court rejects the Debtor's argument about what the statute is intended to cover. There is no mention in the text of the statute about *expenses related to* burial or cremation. And the Debtor does not cite any Michigan case law or other authority to support an argument that the statute covers anything other than the property specifically identified in the statute. The issue for the Court is whether the Statement or the Purchase Agreement give the Debtor any property that falls within the property specifically identified in the statute.

Before turning to the content of the Statement and the Purchase Agreement, it is important to first understand what exactly is covered by the exemption statute. There are basically two required elements to qualify property as exempt under the statute. First, the property claimed as exempt must consist of one of three things: cemeteries, tombs or rights of burial. Second, the property claimed as exempt must either be in use as a repository for a dead member of the debtor's family or must be kept for burial of the debtor. Do any of the items purchased by the Debtor under the Statement or Purchase Agreement meet both elements?

The Court will first consider the Statement. It has three lettered parts. At the end of the three lettered parts, the Statement shows a "Total Funeral Amount (A+B+C)" of $7,743.00.

Part A of the Statement, titled Guaranteed Services, is for the purchase by the Debtor of $4,495.00 of Basic Services of Funeral Directors and Staff. Part A expressly states that the Debtor is purchasing funeral services. Funeral services are not cemeteries, tombs, or rights of burial. They are services provided in advance of burial or cremation. None of the $4,495.00 prepaid by the Debtor under Part A for funeral services meets the first element under the statute.

Part B of the Statement, titled Guaranteed Merchandise, is for the purchase of a casket for $1,750.00. In contrast to Part A, Part B does identify property purchased by the Debtor — i.e., a casket — in contrast to the services purchased by the Debtor under Part A. A casket is not a cemetery or a tomb as those terms are commonly understood, but is it a burial right? The exemption statute does not define burial rights, and the parties did not present the Court with any case law or other legal authority one way or the other. However, the Court notes that the Michigan legislature has defined this phrase in another statute, albeit one that is not part of the exemption statute. The Michigan Cemetery Regulation Act, Michigan Compiled Laws § 456.522(c), defines "burial right" as a "right of earth interment." Further, Michigan Compiled Laws § 456.522(b) defines "interment" as the "disposition of

human remains by earth interment, entombment, or inurnment." This definition appears to treat the burial of a body in a tomb in the earth and the cremation and interment of a body in an urn the same, each as a "burial right." In other words, the casket and urn are both storage receptacles for the disposition of human remains, no different than cemeteries and tombs, which also serve as receptacles for the disposition of human remains. On the limited record before the Court, and drawing by analogy on the definitions used by the Michigan legislature in the Michigan Cemetery Regulation Act, the Court finds that the $1,750.00 prepaid by the Debtor for a casket under Part B meets the first element of the exemption statute as a burial right.

Part C, titled Non-Guaranteed Cash Advance Items, is for the purchase of a death certificate, hairdresser, clergy honorarium, cremation, permit, interment and sales tax for $1,498.00. None of these items are cemeteries or tombs. However, for the reasons explained above, the Court construes interment as a burial right. The Court finds that the $750.00 prepaid by the Debtor for interment under Part C meets the first element of the exemption statute as a burial right.

As noted earlier, the exemption statute has a second element: to qualify as exempt, the cemeteries, tombs or burial rights must either be "in use" as a repository for a dead member of the debtor's family or they must be "kept for the burial of the debtor." The Debtor does not state that the casket in Part B or the interment in Part C

are currently in use for a dead family member but instead states that the Debtor purchased these for herself. That meets the second element of the statute. The Court finds that the Debtor is entitled to an exemption for $1,750.00 for the casket that she purchased under Part B of the Statement and $750.00 for the interment that she purchased under Part C of the Statement, but the Debtor is not entitled to an exemption for anything else that she purchased under the Statement.

The Court turns next to the Purchase Agreement. It has two parts. The first part of the Purchase Agreement states that the Debtor and her husband agree to purchase "rights" consisting of "Resurrection, Garden of Serenity, D-308" for $5,270.00. Relying again on the definition of burial rights in Michigan Compiled Laws Annotated § 456.522(c), the Court finds that the "rights" that the Debtor agreed to purchase under the first part of the Purchase Agreement are burial rights that meet the first element of the exemption statute.

As explained earlier, the exemption statute has a second element. If the burial rights claimed as exempt are for a debtor's family member, they must be "in use" as a repository when the debtor claims the exemption. In other words, the family member must already be dead at that time. On the other hand, if the burial rights claimed as exempt are for the debtor, it is enough that they be "kept for the burial of the debtor." Here, the Purchase Agreement lumps the purchase price for the "rights" to "Resurrection, Garden of Serenity, D-308" together for both the Debtor and her

husband for a single price of $5,270.00. Having no evidence to the contrary, the Court infers that half of this price is for the Debtor's rights and half for her husband's rights. Since the Debtor's husband is alive and these burial rights are not currently in use for him, the half of the purchase price that the Debtor paid for her husband's burial rights does not meet the second element under the statute, but the half of the purchase price that the Debtor paid for her own burial rights does meet the second element under the statute because those rights are "kept for the burial of the debtor." The Court finds that the Debtor is entitled to an exemption of $2,635.00 for the burial rights that she purchased for herself under the first part of the Purchase Agreement.

The second part of the Purchase Agreement states that the Debtor and her husband agree to purchase "services" consisting of "GOS-Etched Emblems" for $650.00. From this description, the "services" in etching emblems do not appear to be property at all. The cost for these services may be related to a burial or cremation but the services themselves but are not cemeteries, tombs or burial rights. They do not meet the first element of the exemption statute and therefore are not exempt.

The Court agrees with the Trustee that Michigan Compiled Laws Annotated § 600.5451(1)(a)(iv) allows an exemption only in cemeteries, tombs and burial rights, and not in other expenses related to burial. For the reasons explained, the Court finds that some of the items purchased by the Debtor under the Statement and the Purchase Agreement constitute burial rights kept for the burial of the Debtor.

Those items qualify as exempt under the statute. The others claimed by the Debtor do not. The Court will therefore sustain in part and deny in part the Trustee's third Objection on the terms and to the extent set forth in this order. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's exemption is allowed in the amount of $5,135.00, representing the prepaid casket described in Part B of the Statement, the prepaid interment described in Part C of the Statement, and one-half of the prepaid "rights" to "Resurrection, Garden of Serenity, D-308" described in the first part of the Purchase Agreement. The Trustee's Objection to the Debtor's exemption under Michigan Compiled Laws Annotated § 600.5454(a)(1)(iv) is otherwise sustained and the Debtor's claim of exemption is disallowed to the extent it exceeds $5,135.00.

**Signed on August 5, 2020**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge